CASE NO. 23-11323-C

# In the United States Court of Appeals
# For the Eleventh Circuit

_____

NATURAL LANDS, LLC,

*Appellee/Plaintiff*,

v.

CITY OF BOCA RATON,

*Appellant/Defendant*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA
CASE NO. 9:19-CV-81407-RS

_____

**APPELLANT, CITY OF BOCA RATON'S REPLY BRIEF**

_____

**LAURA K. WENDELL, ESQ.**
**DANIEL L. ABBOTT, ESQ.**
**ANNE R. FLANIGAN, ESQ.**
**WEISS SEROTA HELFMAN**
**COLE & BIERMAN, P.L.**
200 East Broward Blvd, Suite 1900
Fort Lauderdale, Florida 33301
(954) 763-4242

*Counsel for Appellant*

*NATURAL LANDS, LLC V. CITY OF BOCA RATON*

CASE NO. 23-11323-C

**CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

**A.     Interested Persons**

Appellant, City of Boca Raton, respectfully submits this list of persons or entities that may have an interest in the outcome of this review:

1.      Abbott, Daniel (Counsel for Appellant)

2.      City of Boca Raton (Appellant)

3.      Dewitt, Richard (Counsel for Appellee)

4.      Diamond Development XVIII, LLC (Related company of Appellee)

5.      Dickstein, Steven  (Counsel for Appellee)

6.      Flanigan, Anne (Counsel for Appellant)

7.      Gomez de Mello, Julieta (Counsel for Appellee)

8.      Government Law Group, PLLC (Counsel for Appellee)

9.      Isrow, Jordan (Counsel for Appellee)

10.     Kipnis, Alan (Counsel for Appellee)

11.     Maimon, Amos (Shareholder/Principal of Appellee)

12.     Maynard, Shaniek, J. (Magistrate Judge)

13.     Mayotte, Monica (Councilmember of Appellant)

14.     Smith, Rodney, J. (District Judge)

15.     Naim, Gavriel (Shareholder/Principal of Appellee)

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

16.     Natural Lands, LLC, a Delaware limited liability company (Appellee)

17.     Natural Lands, LLC, a Florida limited liability company (Parent company of Appellee)

18.     O'Rourke, Andrea (Former Councilmember of Appellant)

19.     Poliakoff, Keith (Counsel for Appellee)

20.     Poliakoff, Payton (Counsel for Appellee)

21.     Singer, Scott (Mayor/Councilmember of Appellant)

22.     Weiss Serota Helfman Cole & Bierman, P.L. (Counsel for Appellant)

23.     Wendell, Laura K. (Counsel for Appellant)

24.     Williams, Keith (Counsel for Appellee)

## B.     Corporate Disclosure Statement

Appellant, City of Boca Raton, is a municipal corporation of the State of Florida, and as a result, has no parent company, subsidiary, or affiliate company that has issued shares to the public.  Appellee, Natural Lands, LLC, is a privately-held Delaware limited liability company, wholly owned by a Florida limited liability company of the same name, Natural Lands, LLC.  No publicly traded company or corporation has an interest in the outcome of this appeal.

*Laura K. Wendell*
Laura K. Wendell

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND .........................................C-1

TABLE OF CONTENTS.......................................................................... iv

TABLE OF AUTHORITIES .................................................................. vi

INTRODUCTION ...................................................................................1

ARGUMENT ..........................................................................................3

I.      In Light Of The State Certiorari Remedy, The District Court
        Erred  In Ruling On Natural Lands Contention Of Deprivation
        Of  Procedural  Due Process Under The U.S. Constitution. ..........................3

A.      As a matter of law, Florida provides an adequate process to
        redress procedural due process deprivations at quasi-judicial
        hearings.............................................................................................3

B.      Florida provides an adequate remedy to redress quasi-judicial
        decisions made by allegedly biased decision-makers. ...................................6

        1.    *McKinney*, again, forecloses the argument. .................................6

        2.    The *2600* Decision evidences the adequacy of the Florida procedure. .......8

        3.    There is no basis to assume that the City would contemptuously ignore
              certiorari.................................................................................10

        4.    Other State remedies exist to afford Natural Lands coercive relief, if
              necessary.................................................................................11

        5.    That certiorari is confined to the record does not overcome the *McKinney*
              rule. ......................................................................................12

II.   The District Court Erred in Entering Judgment on a Claim that
      was Not Pending. ...................................................................................13

A.    Natural Lands misdirects the Court regarding the purported
      pendency of a federal procedural due process claim. ...................................13

   1.   The City's motion to dismiss directed to amended          complaint.14

   2.   Natural Lands withdrew the claims. ...........................................................15

   3.   The district court's order denying the motion on grounds of mootness. ...16

   4.   Natural Lands' incorporation of background allegations. ..........................17

   5.   The reinstatement of Count III did not revive the withdrawn procedural due

        process claim ..............................................................................................19

B.    The district court incorrectly fashioned relief neither pleaded
      nor tried by express or implied consent. ......................................................20

III.  The injunctive relief ordered by the district court was improper. .................23

IV.   Natural Lands misdirects the Court regarding the surprise
      "new" evidence. ...........................................................................................24

V.    The Court Should Reverse The Erroneous Ruling On Fees And
      Costs ..............................................................................................................25

CONCLUSION ........................................................................................................26

CERTIFICATE OF COMPLIANCE .......................................................................26

CERTIFICATE OF SERVICE .................................................................................26

# TABLE OF AUTHORITIES

## Cases

*2600 N. Ocean LLC v. City of Boca Raton*, 28 Fla. L. Weekly Supp.
595a (Fla. 15th Jud. Cir., Sept. 16, 2020)........................................ 8, 9, 10, 24

*AIDS Healthcare Foundation, Inc. v. City of Fort Lauderdale*,
No. 20-cv-60550, 2020 WL 10054406 (S.D. Fla. 2010)................................5

*Biscayne Bay Pilots, Inc. v. Florida Caribbean-Cruise Ass'n*,
177 So. 3d 1043 (Fla. Dist. Ct. App. 2015)....................................................11

*Broward Cnty. v. G.B.V. Intern., Ltd*., 787 So. 2d 838 (Fla. 2001)........................10

*Carter v. Diamondback Golf Club, Inc*., 222 Fed. App'x. 929
(11th Cir. 2007) ...........................................................................................22

*Cesnik v. Edgewood Baptist Church,* 88 F. 3d 902 (11th Cir. 1996) ......................19

*Cioffee v. Morris,* 676 F. 2d 539 (11th Cir. 1982)........................................... 21, 22

*City of Miami v. Miami-Dade County*, 346 So. 3d 1210
(Fla. Dist. Ct. App. 2022) ...........................................................................13

*Eide v. Sarasota County*, 908 F. 2d 716 (11th Cir. 1990) ........................................7

*Foxy Lady, Inc. v. City of Atlanta, Ga.*, 347 F. 3d 1232
(11th Cir. 2003) .............................................................................................4

*Hillcrest Prop. LLP v. Pasco Cnty*., 731 F. Supp. 2d 1288
(M.D. Fla. 2010) ............................................................................................7

*Horton v. Bd. of County Com'rs of Flagler County*,
202 F. 3d 1297 (11th Cir. 2000) ....................................................................4

*Hunters Run Property Owners Association, Inc. v. Centerline Real
Estate, LLC*, 2023 WL 2707318 (11th Cir. 2023).........................................22

*Jennings v. Dade County,* 589 So. 2d 1337 (Fla. Dist. Ct. App. 1991)...................13

*Jones v. Florida Keys Community College*, 984 So. 2d 556
(Fla. Dist. Ct. App. 2008) ............................................................................11

*Kelso Outdoor Advertising, LLC v. Volusia County*, No.
6:09-cv-1986, 2010 WL 680751 (M.D. Fla. 2010) .........................................5

*Lingle v. Chevron USA Inc.*, 544 U.S. 528 (2005) ...................................18

*McKinney v. Pate*, 20 F. 3d 1550 (11th Cir. 1994)......................................... passim

*Moore v. City of Tallahassee,* 928 F. Supp. 1140 (N.D. Fla. 1995)......................20

*Nat'l Advert. Co. v. Broward Cnty.*, 491 So. 2d 1262 (Fla. Dist. Ct.
App. 2016) ...........................................................................................10

*O'Neal Homes, Inc. v. City of Orange Beach,* 333 Fed. Appx. 428
(11th Cir. 2009) ...................................................................................20

*Palazzolo v. Rhode Island*, 533 U.S. at 622 (2001) ...................................7

*Palmer Trinity Private School, Inc. v.  Village of Palmetto Bay*,
802 F. Supp. 2d 1322 (S.D. Fla. 2011).........................................................13

*S. Grande View Dev. Co. v. City of Alabaster, Ala.* 1 F. 4th 1299
(11th Cir. 2021) ...................................................................................18

*Seminole Entertainment, Inc. v. City of Casselberry,* 811 So. 2d 693
(Fla. Dist. Ct. App. 2001) ...................................................................11

*Villas of Lake Jackson, Ltd. v. Leon County*, 121 F. 3d 610
(11th Cir. 1997) ...................................................................... 15, 16, 18, 20

*Young v. Trustees of Palm Beach Jr. College*, 440 So. 2d 587
(Fla. Dist. Ct. App. 1983) ...................................................................11

**Rules**

Fed. R. Civ. P. 26 ..........................................................................................24

Fed. R. Civ. P. 54(c)............................................................................... 21, 22

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

## INTRODUCTION

Natural Lands does not – and cannot -- meaningfully refute the points of error raised by the City.[1]  Instead of addressing these issues directly, Natural Lands resorts to a strategy of misdirection.  It presents the Court with a grossly inaccurate description of the record (which is irrelevant to the appellate issues) and, in doing so, contrives to obscure and misstate controlling precedent and intertwine distinct legal concepts governing different claims.  This pattern of obfuscation infects the entire answer brief, rendering Natural Lands' arguments both unreliable and incorrect.

Under the Court's long-standing precedent, reversal of the erroneous decision of the district court is required: no federal procedural due process claim lies to challenge a quasi-judicial decision of a local governing body, where, as here, there exists an adequate State court remedy.  *McKinney v. Pate*, 20 F. 3d 1550, 1561 (11th

---

[1]    Notwithstanding that the City quite clearly does not challenge the district court's findings of fact regarding bias and prejudgment on appeal, Natural Lands devotes much of its brief to reciting portions of the evidentiary record that support those findings. AB:3-8; 11-19; 23-25; 30-32. While the City does not accept Natural Lands' characterization of the City Council's denial of its CCCL variance application as a "politicized sham," AB:2, the City's disagreement with the district court's findings of bias and prejudgment is not raised as a point of error before the Court on appeal because the City's challenge precludes a ruling on the declaratory count.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

Cir. 1994).[2]  Notably, Natural Lands conceded this point by withdrawing its procedural due process claim long before trial, when the City moved to dismiss it on *McKinney* grounds.  Yet now, Natural Lands advances new arguments that cannot overcome the definitive effect of *McKinney*, and, worse, it erroneously conflates the *McKinney* rule with an entirely different legal concept: the law applicable to the ripeness of its inverse condemnation claims.  Equally problematic is Natural Lands' lack of candor regarding the district court's error in ruling, post-trial, on the withdrawn procedural due process claim. Natural Lands would have the Court believe that the claim was pending all along, but the record is clear and does not support Natural Lands' assertions.

For these and other reasons, the Court should reject Natural Lands' arguments and reverse the district court's aberrant[3] and erroneous entry of judgment against the City on federal procedural due process grounds.

---

[2]     Significantly, Natural Lands does not dispute that, if *McKinney* barred the district court from deciding Natural Lands' federal procedural due process challenge (which it does), then the district court lacked jurisdiction to issue declaratory relief under Count IV(E) and injunctive relief under Count IV(H), the only claims the trial court ruled on, and the only claims that were pending before that court. *See* IB: Points II and III.

[3]     By no stretch was the district court's decision "unremarkable," as Natural Lands states, AB:1.  Counter to Natural Lands' suggestion, that the district court's decision was "unremarkable," the decision finds no support in the law and is in conflict with well-established 11th Circuit precedent.

2

## ARGUMENT

**I.     In Light Of The State Certiorari Remedy, The District Court Erred In Ruling On Natural Lands Contention Of Deprivation Of Procedural Due Process Under The U.S. Constitution.**

Natural Lands devotes several pages to the uncontroverted, and irrelevant, point that there is such a thing as a federal procedural due process claim, AB:27-30. The issue is that *McKinney* barred Natural Lands' federal procedural due process claim (even if it had not been withdrawn). *See* AB:34-41. Natural Lands does not refute this point.

### A.     As a matter of law, Florida provides an adequate process to redress procedural due process deprivations at quasi-judicial hearings.

Natural Lands fails to adequately confront the clear, binding precent that this Court announced in *McKinney v. Pate*, 20 F.3d 1550 (11ᵗʰ Cir. 1994).  Unrebutted in the Answer Brief is the fact that "a procedural due process violation is not complete unless and until the State fails to provide due process." *Id.* at 1557.

And *McKinney* held, *as a matter of law*, that Florida provides an adequate process to redress procedural due process deprivations at quasi-judicial hearings.  In that case, this Court rejected a purported federal procedural due process claim, noting that, because, on certiorari, "Florida circuit courts review the entire case and consider every aspect of the case to determine whether due process was observed, [a claimant who alleges bias on the part of quasi-judicial decisionmakers] ha[s] an available adequate remedy in the state system." *Id.* at 1563.  Certiorari review in

3

Florida was held to "more than satisf[y] procedural due process requirements," and that state remedy was, without qualification, described as "adequate." *Id.* at 1563-64. Accordingly, when Natural Lands elected not to timely file a petition for certiorari in state court, it waived its due process claims.

Thus, Natural Lands seeks to create a loophole never mentioned by *McKinney*. After Natural Lands grudgingly concedes that "no one disputes the black letter propositions advanced by the City" (AB at 51) and that it does "not dispute that, in most cases, the litigant in Natural Lands' position would be required to try the certiorari remedy first" (AB at 38), it nonetheless posits that exceptions to the *McKinney* rule exist. But in the 30 years that *McKinney* has been the law in this Circuit, Natural Lands cannot cite to a single decision that supports its claim.[4] *None* of the cases support its position, while several actually support the City's position, as they directly and clearly apply *McKinney* and expressly reject efforts to assert federal due process claims brought in spite of available state remedies. *See, e.g., Foxy Lady, Inc. v. City of Atlanta, Ga.*, 347 F. 3d 1232, 1238 (11th Cir. 2003) (AB

---

[4]    Especially disingenuous is the series of "ripeness" and "futility" cases Natural Lands relies on (AB at pp. 40).  Importantly, *McKinney* is not a ripeness doctrine: it does not depend upon whether a plaintiff has actually availed itself of post-deprivation remedies. IB:27-28 (citing *Horton v. Bd. of County Com'rs of Flagler County*, 202 F. 3d 1297, 1299-30 (11th Cir. 2000) (*McKinney* rule "is not based on ripeness or exhaustion principles").  No court has *ever* recognized a "ripeness" or "futility" (or any other) exception to the *McKinney* rule, and Natural Lands' arguments demonstrate its desperation to defend an indefensible judgment.

at 28) (vacating the denial of summary judgment to city, applying *McKinney* and concluding that sufficient state process existed in Georgia to address, post-deprivation, any alleged procedural due process deficiency in city's liquor license revocation process). Other cases are misrepresented as instances of "Federal courts [recognizing] the limits of the state certiorari remedy," AB at 48, when the referenced cases, in fact, directly *apply* the *McKinney* rule, and reject efforts, like those made here, to circumvent it. *See, e.g., Kelso Outdoor Advertising, LLC v. Volusia County*, No. 6:09-cv-1986, 2010 WL 680751, *2 (M.D. Fla. 2010) (AB at 37) (dismissing claims for injunctive and declaratory relief from a local government's quasi-judicial decision because such claims must be made via petition for writ of certiorari); *AIDS Healthcare Foundation, Inc. v. City of Fort Lauderdale*, No. 20-cv-60550, 2020 WL 10054406, * (S.D. Fla. 2010) (AB at 37) ("[U]nder Florida law, when municipal governments take action in a quasi-judicial role, the aggrieved party's *only* remedy to challenge the decision is to file a petition for writ of certiorari in the local Florida circuit court. A plaintiff cannot file related claims that seek other equitable remedies, like injunctive and declaratory relief, in an attempt to avoid certiorari review") (emphasis supplied).

Thus, as Natural Lands should have more directly conceded, *no* court in the Eleventh Circuit, in the 30 years that *McKinney* has been the prevailing law, has *ever*

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

held that Florida does not have an adequate procedure to redress alleged procedural due process violations committed in quasi-judicial hearings.

### B. Florida provides an adequate remedy to redress quasi-judicial decisions made by allegedly biased decision-makers.

In search of a theory as to why State certiorari relief would have been inadequate for Natural Lands under *McKinney*, Natural Lands argues that the best it could have achieved through certiorari review in State circuit court would have been "a decision quashing the denial which would give it the right to have its application heard by the same biased City officials." AB:37-38. This argument also finds no legal or factual support.

### 1. *McKinney*, again, forecloses the argument.

Natural Lands presses its claim by contending that certiorari does not provide an adequate remedy when the due process violation is caused by biased quasi-judicial decision-makers, as if this Court had not already established clear precedent to the contrary. But Natural Lands' contention is disingenuous; the alleged due process violation in *McKinney was* a decision made by allegedly biased local government quasi-judicial decision makers. It was in circumstances indistinguishable from those at issue in this appeal that this Court announced, without qualification, that "Florida courts have the authority to order the relief to which McKinney claims to be entitled – a new hearing conducted by a fair tribunal." *McKinney*, 20 F.3d at 1563. Neither *McKinney* itself nor this Court in the decades

6

since that decision have ever qualified that declaration.  Simply put, the matter has been legally resolved: procedural due process violations allegedly committed by local quasi-judicial decision-makers cannot be framed as violations of the Federal Due Process clause because Florida has adequate procedures to remedy those alleged violations.

Faced with this clear, binding precedent, Natural Lands instead attempts to interject an inapplicable legal theory.  It seeks to interpose takings jurisprudence, conflating the concept of the futility of future applications to the City with the adequacy of State court certiorari review under *McKinney*.  That is, Natural Lands unconvincingly applies the "futility exception" applicable to determinations of ripeness in a takings context to conclude (without support) that the *McKinney* rule should not apply to bar its federal procedural due process claim.  Again, *McKinney* concerns the existence of a remedy, post-deprivation, for any procedural due process violation at a quasi-judicial hearing and, based on Florida's certiorari procedures, bars Natural Lands' procedural due process claim.[5]  Stated otherwise, neither the record nor the law supports Natural Lands' attempt to create a futility exception to the *McKinney* rule.

---

[5]     *See* AB:39 (citing *Eide v. Sarasota County*, 908 F. 2d 716, 726 (11th Cir. 1990) (futility exception to finality of administrative action in inverse condemnation claim); *Hillcrest Prop. LLP v. Pasco Cnty.*, 731 F. Supp. 2d 1288, 1296 (M.D. Fla. 2010) (same); *Palazzolo*, 533 U.S. at 622, 624 (same)).

7

**2.      The *2600* Decision evidences the adequacy of the Florida procedure.**

Natural Lands conceded the adequacy of State certiorari review when it asserted in its amended complaint the facts here mirrored the *2600* certiorari case. DE5;10-11.  Specifically, Natural Lands alleged that its situation was materially identical to that of a nearby lot, located at 2600 North Ocean Boulevard, that had been the subject of a successful State circuit court petition for writ of certiorari, which resulted in the circuit court quashing the denial of the neighbor's CCCL variance "because two CITY Council Members publicly declared that they would not allow the lot to be developed." DE30-P.5(¶16, n.2).  *2600 N. Ocean LLC v. City of Boca Raton*, 28 Fla. L. Weekly Supp. 595a (Fla. 15th Jud. Cir., Sept. 16, 2020), writ denied, (Fla. 4th DCA, (August 18, 2021) (denying the City's second-tier petition for writ of certiorari) (hereinafter, "*2600")*. Natural Lands went so far as to allege that its own circumstances were no different.  *See* DE30-P.5;10-11.

In *2600*, the circuit court ruled that the property owner was "entitled to a new hearing without the participation of the two councilmembers," whom it ruled were biased and had prejudged the application. *See 2600,* 28 Fla. L. Weekly Supp. 595a. Given the concession in its amended complaint, Natural Lands cannot now reverse course and claim Florida's procedure is inadequate.

The *2600* matter itself demonstrates the adequacy of State circuit court certiorari review to reach and adjudicate the issues of bias and prejudgment – issues

8

that mirror the due process allegations raised by Natural Lands.  Like *2600*, Natural Lands had the opportunity to, and did, move to recuse Council Members at the outset of its variance hearing, on the grounds of ex parte communications and other statements made by the Council Members concerning the property.  Like *2600*, Natural Lands had the opportunity, when the Council Members did not recuse and voted against the variance, to seek certiorari review in State circuit court.  And, like *2600*, had Natural Lands availed itself of the State circuit court remedy, it may have obtained a like ruling: that Natural Lands was entitled to a new hearing before unbiased decisionmakers.

Faced with the definitive adequacy of the State certiorari remedy, as demonstrated by the *2600* case, Natural Lands now tries to disavow its reliance on the *2600* matter.  It contends that the *2600* circuit court "colored outside of the lines," and erroneously claims that the decision would have been reversed if either party had sought further review in the Fourth District (a blatant misrepresentation). AB:36-37.

Neither point convinces.  Natural Lands misrepresents that the State circuit court decision in the *2600* certiorari matter was not subject to further review by the district court of appeal.  AB:37. Natural Lands itself introduced into evidence both the circuit court certiorari decision, and the order the Fourth District Court of Appeal denying the City's second-tier petition for writ of certiorari. DE205-P.9;DE168

(##12-13;Ex.151-152).  In addition, in its oral ruling from the bench, the district court made note not only of the State circuit court ruling in the *2600* matter, but also of the Fourth District's order upholding it. DE205-P.106.

Moreover, Natural Lands does not support its claim of overreach by the circuit court in *2600*.  Instead, it merely cites to Florida cases for the well-established principle that a circuit court on certiorari review may not dictate the outcome of any future quasi-judicial hearing. AB:36 (citing *Broward Cnty. v. G.B.V. Intern., Ltd*., 787 So. 2d 838 (Fla. 2001); AB:37 (citing *Nat'l Advert. Co. v. Broward Cnty*., 491 So. 2d 1262, 1263 (Fla. Dist. Ct. App. 2016).  Consistent with the law, the circuit court in the *2600* matter did not dictate the outcome of a future hearing before the City Council; it remanded for a new quasi-judicial hearing before unbiased decision-makers.

### 3. There is no basis to assume that the City would contemptuously ignore certiorari.

The City strenuously denies that it would have disregarded any such State circuit court ruling. Assuming *arguendo* that the *McKinney* rule encompasses a futility exception - a notion that Natural Lands does not support with any case law - there is no record evidence that the City has ever, or would ever, disregard any State circuit court certiorari ruling.

### 4.    Other State remedies exist to afford Natural Lands coercive relief, if necessary.

Natural Lands correctly observes that State certiorari does not afford injunctive relief.  AB:37.  But the *McKinney* rule is not confined to any single State post-deprivation remedy.  If warranted, Florida courts are equipped to issue coercive relief, such as a writ of prohibition, that would prevent biased decisionmakers from participating in quasi-judicial hearings, ensuring fairness of the proceedings.[6]  In addition, bias and prejudgment of a quasi-judicial decisionmaker is subject to State court injunctive relief. *See, e.g., Seminole Entertainment, Inc. v. City of Casselberry,* 811 So. 2d 693 (Fla. Dist. Ct. App. 2001) (reversing denial of temporary injunction, where procedural due process was not afforded at a municipal hearing on license revocation, where in addition to other procedural irregularities, the mayor's bias pervaded the hearing).  Therefore, while State certiorari does not afford injunctive relief, other State remedies are fully capable of providing the necessary relief to address Natural Lands' alleged due process concerns.

---

[6]    *See, e.g., Biscayne Bay Pilots, Inc. v. Florida Caribbean-Cruise Ass'n*, 177 So. 3d 1043, 1045 (Fla. Dist. Ct. App. 2015) (issuing writ of prohibition on order denying motion for disqualification based on fear that the decision-maker would not be fair and impartial); *Jones v. Florida Keys Community College*, 984 So. 2d 556, 557 (Fla. Dist. Ct. App. 2008) (issuing petition for writ of prohibition to disqualify hearing officer to ensure fair hearing); *Young v. Trustees of Palm Beach Jr. College*, 440 So. 2d 587, 588 (Fla. Dist. Ct. App. 1983) (issuing writ of prohibition to disqualify hearing officer to ensure fair hearing).

### 5. That certiorari is confined to the record does not overcome the *McKinney* rule.

Natural Lands argues that certiorari is confined to the record of the quasi-judicial hearing, and that additional documentation – such as ex parte communications acquired after the hearing - would not be available for consideration by the State circuit court. AB:41-42.  But that observation, too, fails to overcome the *McKinney* rule. Natural Lands confuses the adequacy of the State certiorari remedy with its own failure to adequately prepare for the hearing before the City Council. Nothing prevented Natural Lands, in advance of that hearing, from making a public records requests concerning Council communications in advance of the hearing, to the extent that the materials on which it relied for its recusal motion were for any reason insufficient.

Moreover, even if certiorari were deemed inadequate because it is confined to the record, the *McKinney* rule nevertheless applies.[7]  The State provides a separate, adequate remedy: Florida allows a party to pursue an original equitable cause of action, including an evidentiary hearing, to address prejudicial *ex parte*

---

[7]    Once again*, McKinney* expressly held as much.  This Court recognized that "[a]n allegation of bias may arise in either of two scenarios: in the first, the challenger learns of the decisionmaker's alleged bias prior to or during the proceeding; in the second, the challenger learns of the decisionmaker's alleged bias only after the proceeding has terminated." *McKinney*, 20 F.3d at 1562.  After an extensive review, this Court concluded that Florida provides an "adequate remedy" to address *both* conceivable procedural due process scenario.  *Id.* at 1562-64.

communications that may have undermined procedural due process in a quasi-judicial hearing. *Jennings v. Dade County,* 589 So. 2d 1337, 1342 (Fla. Dist. Ct. App. 1991) ("[W]e hold that the allegation of a prejudicial ex parte communication in a quasi-judicial proceeding before the Dade County Commission will enable a party to maintain an original equitable cause of action to establish its claim.").[8]

Accordingly, Natural Lands fails to overcome the *McKinney* rule with its new arguments not raised below; even if it had not waived any opposition to application of *McKinney* by withdrawing its federal procedural due process claims, its contentions remain without merit.

## II.    The District Court Erred in Entering Judgment on a Claim that was Not Pending.

### A.    Natural Lands misdirects the Court regarding the purported pendency of a federal procedural due process claim.

Natural Lands does not squarely address the district court's error in ruling, post-trial, on a claim that was not pending. IB:33-35.  Instead, it misdirects the Court

---

[8]      *See also Palmer Trinity Private School, Inc. v.  Village of Palmetto Bay*, 802 F. Supp. 2d 1322, 1325-26 (S.D. Fla. 2011) (citing the evidentiary framework established in *Jennings,* but abstaining from deciding this State court claim); *City of Miami v. Miami-Dade County*, 346 So. 3d 1210, 1212-14 (Fla. Dist. Ct. App. 2022), J. Gordo, dissent (because *Jennings* provides for a full evidentiary hearing on deprivation of procedural due process based on improper ex parte communications, circuit court on certiorari review improperly decided procedural due process based on evidence of ex parte communications outside of the record).

by falsely representing that its federal procedural due process claim had always been pending.  However, the record plainly demonstrates otherwise.

### 1.    The City's motion to dismiss directed to amended complaint.

Natural Lands misreports the City's motion to dismiss certain counts in the amended complaint: Count III (inverse condemnation/due process) and Count IV(D)(E)(F)(procedural due process declarations). DE33.  Contrary to Natural Lands' repeated misdescription, the City did not argue that these claims were "redundant" to the inverse condemnation claims in Counts I and II of the amended complaint.  AB:9-10;20-22;42-43.  Instead, the City moved to dismiss Count III and Count IV(D)(E)(F) of the amended complaint on different grounds:

- Counts I and II of the amended complaint were inverse condemnation claims under the 5th Amendment to the U.S. Constitution and under the Florida Constitution respectively. DE30-P35-38;38-40. Because the district court had already ruled that the claims as presented in the original complaint were ripe, DE29-P.15-16, the City's motion explicitly stated that it did not address Counts I and II for that reason.  DE33-P.1.

- Count III was an inverse condemnation/substantive due process claim under the 14th Amendment to the U.S. Constitution. DE30-P.40-43.  The City moved to dismiss this count, as the law does not recognize an independent 14th Amendment substantive due process/takings claim. DE33-P.2-4 (citing *Villas*

*of Lake Jackson, Ltd. v. Leon County*, 121 F. 3d 610, 612 (11th Cir. 1997) ("There is no independent substantive due process cause of action.").

- Count IV (D)(E)(F) were requests for procedural due process declarations. The City moved to dismiss those procedural due process claims because they were not properly before the Court under *McKinney*. DE33-P.4-8.

Thus, contrary to the convenient confusion that Natural Lands attempts to sow, the City did not move to dismiss Count III or Count IV on grounds that they were "redundant" with Counts I and II; instead, the City expressly and distinctly sought dismissal of Count III under *Lake Jackson* (the cause of action does not exist) and dismissal of Count IV(D)(E)(F) under *McKinney* (no federal procedural due process claim because of the adequacy of the state remedy).

### 2. Natural Lands withdrew the claims.

Natural Lands further misdirects the Court regarding its response to the City's motion to dismiss the amended complaint. AB:10. In the response, Natural Lands stated:

> Without conceding the non-validity of any of its claims asserted in the Amended Complaint [ECF No. 30], Natural Lands elects to voluntarily withdraw Count III and declarations B, D, E and F of Count IV to preserve judicial time and resources, and to more efficiently and productively pursue the relief sought in Count I and II of the Amended Complaint.

DE34. It is therefore false for Natural Lands to now assert that its response to the City's motion to dismiss "reiterated that it would be pursuing all its claims for relief

(which would include its taking and procedural due process claims) in 'Counts I and II of the Amended Complaint,'" and that "[n]othing in the withdrawal suggests that Natural Lands was abandoning its claims of bias and prejudice." AB:10. Moreover, since the City did not move to dismiss on the ground of redundancy, but rather on the bases of *Lake Jackson* and *McKinney* respectively, Natural Lands' post hoc explanation for withdrawing the claims, stating it "saw no need to engage in an academic argument about the allegedly redundant counts," AB:10, cannot reinstate its withdrawn counts.

### 3.    The district court's order denying the motion on grounds of mootness.

Natural Lands misleadingly reports that the district court denied the City's motion to dismiss Counts III and IV(D)(E)(F) as moot. AB:10. However, as the order reflects, the mootness ruling was premised on Natural Lands' voluntary withdrawal of those claims. DE42. Contriving to suggest that the mootness ruling was based on other grounds, and asserting that the City should have pressed the district court further, in another blatant misrepresentation of the record, Natural Lands argues that the City could have, but did not:

> press the district court to revisit its previous ruling that Natural Lands' procedural due process claim was *not* barred by *McKinne*y or its ruling that Natural Lands had successfully alleged that the alleged state remedy was futile and ineffective.

AB:10-11.  To be clear (again), the district court's "previous ruling" on the original complaint held that Natural Lands' inverse condemnation claims were ripe under the futility exception.   DE29-P14-16.  That ruling did not address the viability of a procedural due process claim under *McKinney* because the (original) complaint *did not seek declarations regarding procedural due process afforded at the quasi-judicial hearing*.   DE1-¶218 ("Specifically, Natural Lands needs a declaration regarding whether the ability to build a single family detached dwelling on 14,212 square feet or 0.32 acres of real property in a district zoned R-3-F by the City is a vested right and may be relied upon now and in the future").

### 4.    Natural Lands' incorporation of background allegations.

Natural Lands also asserts that, notwithstanding its voluntary withdrawal of Count III and portions of Count IV in response to the City's motion to dismiss, a procedural due process claim remained pending all along (hiding in plain sight) because the amended complaint incorporated by reference background allegations, including allegations of bias and prejudgment, into Counts I-III. AB:40; *see also* AB:8-9 (citing DE30-P36,39; DE30-P.41-42).

This argument is not well taken.  The broad and sprawling nature of Natural Lands' pleading did not transform Counts I and II, styled solely as inverse condemnation claims, into the two separate and distinct claims of (1) inverse condemnation and (2) procedural due process violations. The amended complaint

incorporated the same 173 paragraphs of allegations into each of the four counts. DE30-P35,38,40,43. Thus, "takings" allegations and "procedural due process" allegations were technically incorporated into all four counts. But Counts I-II *only* sought recovery for an alleged inverse condemnation, and Count IV *only* sought declarations. Background allegations of bias and prejudgment were not relevant to the "takings" claims, as the district court itself understood and ruled.[9] Nor could they transform Count III, the inverse condemnation/substantive due process claim that was resurrected mid-trial under Rule 15(b), into a multi-claim count that included a federal procedural due process claim. These, too, are distinct claims with entirely different elements.[10] [11] When Natural Lands dismissed Count IV, it dismissed its (only) procedural due process claims.

---

[9]     DE211-15, n.4 (citing *S. Grande View Dev. Co. v. City of Alabaster, Ala*. 1 F. 4th 1299, 1311 (11th Cir. 2021) ("The takings analysis, moreover, focuses exclusively on the severity of the government intrusion and not the *purpose* of that intrusion") (emphasis in original) (citing *Lingle v. Chevron USA Inc*., 544 U.S. 528, 542-43 (2005): "evidence regarding ... the alleged biases or motivations behind the City Council's denial... [is] not relevant to the total takings analysis.")

[10]     In *Lake Jackson*, 121 F. 3d at 613-15, the Court held that substantive due process takings claims do not exist, but recognized that a party alleging a constitutional deprivation of the right to use property for a specific purpose may pursue (i) a "takings" claim; (ii) an "arbitrary and capricious substantive due process" claim, governed by the rational basis standard of review; and, separately, (iii) "a procedural due process claim challenging the procedures." *See infra*, II.B.5.

[11]     Natural Lands' new argument that the amended complaint had in fact combined a procedural due process claim with its inverse condemnation claims (Counts I and II) or with its inverse condemnation/due process claim (Count III), is

But, even if the background allegations of Counts I, II and III were somehow thought, improperly, to combine into the same count claims for takings and federal substantive due process-inverse condemnation (respectively) with claims for deprivation of a federal right to procedural due process, the consolidation would not change the outcome because *the district court ruled against Natural Lands on Counts I, II and III.*  As such, Counts I-III do not furnish, based on background allegations or otherwise, an alternative basis for the district court's erroneous exercise of jurisdiction, post-trial, of Natural Lands' abandoned procedural due process claims.  The background allegations do not support the district court's entry of a declaration and injunction on federal procedural due process grounds.[12]

### 5.    The reinstatement of Count III did not revive the withdrawn procedural due process claim.

Natural Lands also asserts that its procedural due process claim was still before the district court because it "asked the court to reinstate Count III, the 'due

_____

violative of federal pleading requirements.  *See, e.g., Cesnik v. Edgewood Baptist Church,* 88 F. 3d 902, 905 (recognizing as form of shotgun pleading a complaint that disregards "the principle that separate, discrete causes of action should be plead in separate counts").

[12]    As the City argues in its initial brief, IB:31-32, neither the Declaratory Judgment Act nor §1983 confer subject matter jurisdiction or create substantive rights. Because *McKinney* barred the federal procedural due process claim, the district court lacked subject matter jurisdiction to adjudicate the claim and issue declaratory and injunctive relief on such claim.  Natural Lands fails to address this fundamental jurisdictional defect.

process' takings claim." AB:45. This is misdirection. As noted above, a *procedural* due process claim is distinct from an arbitrary and capricious due process claim, which is a *substantive* due process claim; the two involve completely different legal elements. *See Lake Jackson*, 121 F. 3d at 613-15; *see also, e.g., McKinney*, 20 F. 3d at 1556-57 (distinguishing between substantive due process and procedural due process claims); *O'Neal Homes, Inc. v. City of Orange Beach,* 333 Fed. Appx. 428, 430 (11th Cir. 2009) (affirming entry of summary judgment against plaintiff on procedural due process claim on *McKinney* grounds; and on separate arbitrary and capricious substantive due process claim, on other grounds, because there was a rational basis for the city's action); *Moore v. City of Tallahassee,* 928 F. Supp. 1140, 1144-46 (N.D. Fla. 1995) (granting summary judgment against plaintiff on procedural due process claim asserting biased decisionmakers on *McKinney* grounds, but denying summary judgment on separate  arbitrary and capricious substantive due process claim on other grounds).

The Court, accordingly, should reject Natural Lands' attempt at revisionism: the procedural due process claim was not pending throughout the proceedings and certainly was not pending when the district court erroneously ruled on it post-trial.

**B.    The district court incorrectly fashioned relief neither pleaded nor tried by express or implied consent.**

Contrary to Natural Lands' contentions (AB:42-46), and for the reasons discussed above, Natural Lands did in fact abandon its procedural due process claims

before trial.  Natural Lands alternatively argues that, even if it had abandoned those claims -- Count IV(E) in particular, on which the district court ruled -- the declaration and injunctive relief were still proper because a district court is authorized "to fashion appropriate relief to remedy a wrong regardless whether the specific relief has been requested in the complaint." AB:44-45 (relying on Fed. R. Civ. P. 54(c) and suggesting that the declaratory and injunctive relief was properly awarded under the rubric of requests for "further relief.")

Natural Lands' reliance on Rule 54(c) is misplaced.  Under Rule 54(c), an issue that was not squarely pleaded may only be adjudicated if it was tried with the express or implied consent of the parties, pursuant to Rule 15(b).  *Cioffee v. Morris,* 676 F. 2d 539, 541 (11th Cir. 1982).[13]  Such was not the case here. The City had moved to dismiss the procedural due process claim, Natural Lands had withdrawn

---

[13]     As explained in *Cioffee*: "The plaintiffs' premise is that the District Court should have permitted relief on the basis of an account stated theory because [Rule 54(c) requires that every final judgment shall grant the relief to which a party is entitled, even though such relief is not demanded in the pleadings.....Our problem, however, is not that easily resolved. Rule 54(c) creates no entitlement to relief based on issues not squarely presented and litigated at trial. As the plaintiffs acknowledge, when relief is to be based on an issue not raised in the pleadings, [Rule 15(b)] must be considered. That rule provides that unpled issues which are tried with either the express or implied consent of the parties are to be treated as if they were raised in the pleadings. Thus, a judgment may be based on an unpled issue as long as consent to trial of the issue is evident. The corollary is, of course, that a judgment may not be based on issues not presented in the pleadings and not tried with the express or implied consent of the parties." (Emphasis added).

it, and later moved under Rule 15(b) to reinstate a different claim - Count III - but *not* Count IV(E).  Additionally, the City consistently objected to the admission of evidence of bias and prejudgment, as well as to Natural Lands' bid to litigate a State certiorari case in federal court.  Thus, the record reflects that the unpled procedural due process claim was not tried by express or implied consent of the City, undermining Natural Lands' argument that the district court could properly have reinstated Count IV(E) post-trial and granted supplemental injunctive relief under Count IV(H) under authority of Rule 54(c).[14]

Furthermore, because Natural Lands cannot overcome the *McKinney* rule (and waived any such argument by withdrawing the procedural due process claim before trial), no claims were pending for which the district court could grant declaratory and injunctive relief.  *See* IB:31-32;36-37.  Therefore, even if the parameters for adjudicating an unpled claim under *Cioffe* were satisfied, the relief granted was nevertheless erroneous: the district court lacked jurisdiction to decide the federal

---

[14]      The cases on which Natural Lands relies are inapposite, at AB:44-45. Neither *Hunters Run Property Owners Association, Inc. v. Centerline Real Estate, LLC*, 2023 WL 2707318 (11th Cir. 2023), nor *Carter v. Diamondback Golf Club, Inc*., 222 Fed. App'x. 929, 932 (11th Cir. 2007) involved entry of judgment on a claim that was not pending.  Rather, in *Hunters Run*, the district court entered a judgment on damages, despite the pleadings not requesting damages; and in *Carter,* the district court entered declaratory and injunctive relief, even though the pleadings did not request that form of *relief*. Neither case addressed a scenario where a court ruled on a non-pending *claim*, as is the issue here.

procedural due process claim, and therefore could not issue declaratory and injunctive relief on that basis.

### III.   The injunctive relief ordered by the district court was improper.

Natural Lands separately argues (AB:32-34) that the district court did not abuse its discretion in entering injunctive relief. *See* DE211-P.21-22. However, even assuming – incorrectly – that the *McKinney* rule did not apply, that jurisdiction had properly attached, and that the procedural due process claim had been pending, Natural Lands ignores the fundamental restraints of federalism: federal courts should not interfere with the functioning of non-federal governmental operations. *See* IB:37-38. Natural Lands also ignores the argument (IB:38) regarding the heightened standard of review attendant upon a federal mandatory injunction, which is not met where, as here, the alleged future injury (hypothetical recalcitrance on the part of City officials with respect to any potential future application Natural Lands might bring) is purely conjectural. At most, Natural Lands argues that the relief fashioned by the district court was neither vague nor intrusive, AB: 33-34, overlooking that the district court broadly targeted "anyone" who "reviewed, analyzed, or evaluated" Natural Lands' first application, a clear example of both a vague and intrusive purported remedy.

**IV.    Natural Lands misdirects the Court regarding the surprise "new" evidence.**

Natural Lands further misleads the Court regarding the so-called surprise "new" evidence it received mid-trial from the attorney for *2600*, which it did not, accordingly, disclose before trial under Fed. R. Civ. P. 26.   Natural Lands falsely states or otherwise insinuates that the City wrongfully withheld this evidence of Council Members' communications.  AB:21;41. However, as the City pointed out, IB:14;16-17;19;43, the record is devoid of any request by Natural Lands for such documents from the City, whether through discovery or via a public records request.[15] There was thus no lawful basis for Natural Lands to have tried virtually its entire case based upon scores of documents it never disclosed, in initial disclosures or on its exhibit list.

---

[15]    Natural Lands cites to DE202-P.4-7, where the City's attorney stated: "The issue is whether an undisclosed exhibit, not in response to any discovery request, should be admitted in the middle of trial." And, although Natural Lands' counsel then stated that the documents "had been requested in 2019," P.7, the City later renewed its objection, stating: "There is simply no evidence—there's innuendo from counsel, but absolutely no suggestion on the record that any of those documents were producible from me. That they were requested from the City and not produced by the City." DE205-P.6.  The City's attorney further emphasized that the only public records request shown to a witness was from 2015 and affirmed that "when counsel finally looked for documents, [none] were producible from us in response to anything.  They have not been, Judge." *Id.*  Counsel for Natural Lands ultimately conceded this point, pivoting to argue that the *City* had an obligation under Rule 26 to disclose the documents because, purportedly, the procedural due process claim was still pending - despite it having been withdrawn long before trial. P.6-7.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

**V.     The Court Should Reverse The Erroneous Ruling On Fees And Costs.**

Lastly, Natural Lands does not demonstrate grounds for the Court to uphold the district court's determination that Natural Lands was entitled to attorney's fees, costs and expenses. Natural Lands principally argues that it prevailed on a significant issue because the district court entered judgment against the City on procedural due process grounds.  AB:46-47.  But Natural Lands misunderstands the City's argument for reversal of the ruling on fees and costs: absent the district court's erroneous procedural due process rulings, Natural Lands did not prevail on any of its claims. IB:45-48.

Natural Lands also does not address the district court's ruling on Count IV(C), which, while ostensibly granting relief to Natural Lands, actually declared and affirmed the City's position: that, Natural Lands' right to build a single-family residence is subject to the burden to satisfy the City's CCCL variance criteria on any future application.  IB:46-47.  And Natural Lands misstates the district court's adverse rulings on the takings claims, suggesting the district court would have ruled that a taking had occurred, had it not entered judgment against the City on procedural due process grounds.[16]  This speculative theory is divorced from the district court's

---

[16]     Natural Lands misstates the district court's rulings on the takings claims by suggesting that they were dismissed because the claims were "premature." AB:48. In fact, the district court had already ruled at the outset, with respect to the original complaint, that Natural Lands' takings claims were ripe. DE29-P.15. Moreover, the district court's written findings and conclusions do not state that the takings claims

actual rulings and from the law governing takings. Attorneys' fees, costs and expenses cannot be awarded on the basis of a hypothetical theory as to why one would or should have been (but was not) the "prevailing party." Therefore, the Court should reverse the district court's erroneous ruling on fees and costs.

## CONCLUSION

On the basis of the record, the arguments adduced in the City's initial brief and here, the Court should reverse the judgment of the district court as relates to its erroneous rulings against the City.

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Rule 32(d)(2) of the Federal Rules of Appellate Procedure.  This brief uses Times New Roman 14-point typeface and contains 6,480 words.

*Laura K. Wendell*
Laura K. Wendell

## CERTIFICATE OF SERVICE

I, Laura K. Wendell, counsel for appellant and a member of the Bar of this Court, certify that, on October 7, 2024, a copy of the foregoing was filed

---

failed because they were "premature," but instead that Natural Lands could not prove a taking because the regulations still allowed the development of a single-family residence, and the property, otherwise, could be used for beach purposes.  DE211-P.14-17.

electronically through the appellate CM/ECF system with the Clerk of the Court. I further certify that all parties required to be served have been served.

Respectfully submitted,

By: */s/ Laura K. Wendell*
LAURA K. WENDELL
Florida Bar No. 53007
DANIEL L. ABBOTT
Florida Bar No. 767115
ANNE R. FLANIGAN
Florida Bar No. 113889
WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
2800 Ponce de Leon Blvd., Ste. 1200
Coral Gables, Florida 33134
(305) 854-0800
lwendell@wsh-law.com
dabbott@wsh-law.com
aflanigan@wsh-law.com

*Counsel for Appellant, City of Boca Raton*